In the Matter of HENRY NEULIST et al., Respondents, against ROBERT C. WEAVER, as State Rent Administrator, et al., Appellants.

First Department, November 27, 1956.

*Beatrice Shainswit* of counsel (*Jacob B. Ward* with her on the brief; *Nathan Heller,* attorney), for Robert C. Weaver, appellant.

*Robert S. Fougner* of counsel (*Eugene J. Morris* and *Matthew J. Domber* with him on the brief; *McLaughlin & Fougner,* attorneys), for 400 Realty Co., appellant.

*Murry E. Harston* for respondents.

*Per Curiam.* It appears that the local rent administrator had erroneously denied the landlord's application for a rent increase pursuant to subdivision (5) of section 33 of the State Rent and Eviction Regulations (the regulation providing for a net annual return of 6% of the valuation of the property). Upon protest, the State Rent Administrator found that a rent increase was warranted. The State Administrator's order, issued February 10, 1956, was made retroactively effective as of the date of the local administrator's erroneous determination, namely, April 21, 1955. No question is raised on this appeal as to the propriety of the rent increase; but the tenants contend

that the effective date of such increase should be the date of the State Administrator's order. In an article 78 proceeding Special Term sustained the tenants' contention and annulled that part of the February 10, 1956 order that made the increases in rent retroactive to April 21, 1955.

The provision of the State Residential Rent Law (L. 1946, ch. 274, as amd.) upon which the tenants rely reads as follows: '' No increase or decrease in maximum rent shall be effective prior to the date on which the order therefor is issued '' (§ 4, subd. 6; L. 1955, ch. 685).

The tenants argue, in substance, that the statute is controlling, that it provides that increases shall be effective no earlier than the date of the order granting them, and that the first such order granting an increase in this proceeding was that of the State Administrator. The local administrator, of course, in denying the landlord's application had granted neither an increase nor a decrease.

However, the State Administrator's ruling on the protest merely corrected and thereby replaced the erroneous order of the local administrator. The above-quoted provision is part of a State legislative scheme designed to prevent hardships that, had previously flowed from the Federal emergency rent procedures, which in many instances permitted landlords to file ex parte applications for rent increases and to secure such increases retroactively as of the date of application.

This court has previously held that orders similar in nature rendered by the State Administrator on protest speak as of the date of the local administrator's orders, in *Levy* v. *1165 Park Ave. Corp.* (280 App. Div. 912, affd. 305 N. Y. 607), and in *Matter of Gostin* v. *Weaver* (2 A D 2d 837).

The order of Special Term, insofar as it modifies the order of the State Rent Administrator by changing its effective date, should be reversed, and the effective date of April 21, 1955 reinstated.

BREITEL, J. P., BOTEIN, RABIN, FRANK and VALENTE, JJ., concur.

Order, insofar as it modifies the order of the State Rent Administrator by changing its effective date, unanimously reversed and the effective date of April 21, 1955, reinstated. Settle order on notice.